IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| PARTNERS IN ALLIANCE NEEDING OTHERS, INC. a/k/a P.I.A.N.O., Inc., and RONALD BALDRIDGE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 13-2376-SHM-dkv |
| MEMPHIS CITY SCHOOLS G.R.A.S.S.Y. PROGRAM, | ) ) ) | |
| Defendant. | ) | |

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL OF SOME CLAIMS AND FOR ISSUANCE OF SERVICE OF PROCESS ON THE REMAINING CLAIM

---

On June 3, 2013, the plaintiffs, Ronald Baldridge ("Baldridge") and Partners In Alliance Needing Others, Inc. a/k/a P.I.A.N.O. ("P.I.A.N.O.")(collectively "the plaintiffs"), filed a *pro se* "Complaint under Title VII of the Civil Rights Act of 1964," (*Pro Se* Compl., D.E. 1), against the defendant, Memphis City Schools[1] G.R.A.S.S.Y. Program, accompanied by a motion signed by Baldridge seeking leave to proceed *in forma pauperis*, (D.E. 2). On June 5, 2013, the court issued an order

---

[1] Effective on or about July 1, 2013, Memphis City Schools merged with the Shelby County School system, into a new entity denominated Shelby County Schools. Shelby County Schools is the successor to Memphis City Schools.

granting Baldridge leave to proceed *in forma pauperis*, (D.E. 3). This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that P.I.A.N.O. and Baldridge's claims for violation of Title VII of the Civil Rights Act of 1964, their claims for retaliation, and P.I.A.N.O.'s claim for violation of the ADA be dismissed for failure to state a claim upon which relief can be granted, and that summons be issued to Baldridge on his personal claim for violation of the ADA.

I. PROPOSED FINDINGS OF FACT

To initiate this action, Baldridge filled out and filed a court-supplied complaint form entitled "Complaint under Title VII of the Civil Rights Act of 1964." Although Baldridge used the court-supplied form for Title VII claims, he states in the body of the complaint that the defendant discriminated against him in violation of the "American Disability Act." (Compl., D.E. 1 ¶ 9.) In the complaint, Baldridge alleges that Memphis City Schools G.R.A.S.S.Y. Program discriminated against him and P.I.A.N.O. on the basis of Baldridge's disability by refusing to employ them. (*Pro Se* Complaint, D.E. 1 ¶ 9.) He listed August 13, 2012, as the date of the alleged discrimination. (*Id.* ¶ 6.)

2

In the space provided on the form for stating the circumstances under which the alleged discrimination occurred, Baldridge wrote:

> I was brought in by Anthony Hicks GRASSY Program with Memphis City Schools at Claybrook to work at Carver High School as a gang consultant. But because I didn't go along with a forgery of a name on a legal document with MIDT and Memphis City School's employee gang consultant at Northside J.R. Futrell. He and MIDT Peggy Russell forged names, tax evasions, breach of contract, embezzled money. We didn't get the job because Peggy Russell, Doug McGowan, MIDT gang consultant helped them. MIDT 20 million dollars but we was not paid so Mayor's office MIDT used power to prevent us from working. I was told by Anthony Hicks I had the job at Carver high school but on August 13, 2102 was emailed and told Memphis City Schools was not going to hire me because I was in a wheelchair.

(*Id.* ¶ 10.)

Attached to the complaint is an "Agreement Between P.I.A.N.O., Inc. and Memphis City Schools On Gang Reduction Assistance for Saving Societies Youth (G.R.A.S.S.Y.)" bearing MCS Contract #2012-0430. (D.E. 1-3.) The Agreement indicates that Ron Pope was to be the contact person on behalf of Memphis City Schools. The Agreement was signed on July 16, 2012, by Ronald Baldridge as Chief Executor Officer of P.I.A.N.O., Inc. (*Id.*) The Agreement is not signed by the Memphis City Schools.

Also attached to the complaint is an email from Anthony Hicks to "baldridgerb@aol.com," dated August 13, 2012, which states:

3

> Ron, this is Anthony Hicks with G.R.A.S.S.Y. program with MCS. I regret to inform you that Mr. Pope and others are concerned about you being in a wheelchair at Caver (sic) school alone. So they decided not to hire you at Carver High School because you are in a wheelchair and don't want to hire you now. Memphis City Schools don't have to hire you. I thought you would have been a big help over there working with the staff and students. Thank you[,] Anthony Hicks.

(D.E. 1-4 at 10.)

Baldridge further states in the complaint that "they retaliated against me because I was called to testify as a gang consultant expert in a lawsuit against Memphis City Schools." (*Pro Se* Compl., D.E. 1 ¶ 9.) Attached to the complaint is an unsigned affidavit of Baldridge bearing the caption of "Levi Boston, individually and as next friend of his son, Taurs Dashun Williams, deceased, v. Memphis Board of Education and Jerry Smith principal, Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, No. CT 003443-03." According to an email message on the affidavit, Baldrige was scheduled to give a deposition in the case on March 17, 2010.

Baldridge states in the complaint that he filed a discrimination charge with the United States Equal Employment Opportunity Commission ("the EEOC") on August 20, 2012. (*Pro Se* Compl., D.E. 1 ¶ 7.) Attached to the complaint is an EEOC Charge of Discrimination dated March 29, 2103. (D.E. 1-1.) The EEOC charge form provides a list of possible bases for the alleged discrimination, from which list the complainant is

instructed to "select appropriate box(es). Baldridge checked the box corresponding to disability but left the other boxes blank, including the box corresponding to retaliation. Baldridge then stated in his charge in the box provided for particulars:

> On or about July 16, 2012, I signed an agreement to provide my services as a counselor with the [Memphis City Schools Grassy Program]. I received an email from Anthony Hicks, Director of G.R.A.S.S.Y. Program with Memphis City Schools on August 13, 2012, informing me that I would not be hired because of my disability. I believe that I have been discriminated against because of my disability in violation of the Americans with Disabilities Act Amendment Act.

(D.E. 1-1 at 1.) Also attached to the complaint is a Discrimination Complaint Form filed with the with the U.S. Department of Justice, Civil Rights Division, Disability Rights Section, dated November 2, 2012, alleging violation of Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, (D.E. 1-1 at 6-12), which was forwarded to the EEOC, Memphis District Office, on February 15, 2013, for review and disposition.

The EEOC issued a notice of right to sue on April 3, 2013, a copy of which is attached to the complaint. (D.E. 1-1.) Baldridge states in his complaint that he received it on April 6, 2012. For relief, Baldridge seeks compensation for himself

"for the funds promised and the loss of income" because he "turned down book signings, expos to sell company products to make money with hiking boots, book speaking on gang lectures." (*Pro Se* Compl., D.E. 1 ¶ 12.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (I)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

7

Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that employment discrimination plaintiffs are not required to plead specific facts establishing the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In so holding, the Supreme Court emphasized that "[t]he *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement, 'and the McDonnell Douglas framework is inapplicable where a plaintiff has direct evidence of discrimination." *Swierkiewicz*, 534 U.S. at 501, 511. All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Id*. at 513.

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989);

see also *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  <u>The Plaintiffs' Claims Under Title VII</u>

The complaint fails to state a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, because the complaint only asserts discrimination based on disability, which is not an actionable basis for a

discrimination claim under Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII does not cover disability discrimination claims. *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006). In the instant case, the plaintiffs allege that they were discriminated against solely based on Baldridge's disability. Baldridge does not claim he is a member of a protected group under Title VII. Because Baldridge's disability does not place him in a Title VII-protected status, the plaintiffs' claim does not invoke Title VII. Accordingly, to the extent the plaintiffs seek to recover under Title VII, their complaint fails to state a claim upon which relief can be granted.

D. Baldridge's Claim Under Title II of the ADA

Based on the exhibits to the complaint, the court will treat the complaint as asserting claims under Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Title II of the ADA states that "no qualified individual

with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. According to the regulations implementing Title II, "A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have relationship or association. 28 C.F.R. § 35.130(g).

The factual allegations in the complaint are sufficient for the court to infer the essential elements of a disability discrimination claim under Title II of the ADA and to put Memphis City Schools on fair notice of Baldridge's claim and the grounds upon which it rests. Accordingly, it is recommended that Baldridge be issued a summons for the Memphis City Schools on his Title II ADA claim.

D.  P.I.A.N.O.'s Claim Under Title II of the ADA

Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the

rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims. Corporations and other artificial entities may only appear in federal court through a licensed attorney. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993). To the extent Baldridge seeks to represent P.I.A.N.O., he cannot do so. Accordingly, it is recommended that any claims on behalf of P.I.A.N.O. brought by Baldridge should be dismissed for failure to state a claim.

E.  The Plaintiffs' Claims for Retaliation

The complaint asserts that the defendants retaliated against the plaintiffs "because Baldridge was called to testify as a gang consultant expert in a lawsuit against Memphis City Schools." (*Pro Se* Compl., D.E. 1 ¶ 9.) The complaint does not identify whether the retaliation claim is brought under Title VII or the ADA. In any event, the claim for retaliation should be dismissed for failure to exhaust administrative remedies.

"A person seeking to bring a discrimination claim . . . in federal court must first exhaust [his] administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). The purpose of this requirement is to allow the

EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Id.* at 731–32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted). Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see also Hathcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination"). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on

13

notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011).

Baldridge's discrimination charge contains no allegation of retaliation based on disability or a protected class. Baldridge did not mark the box corresponding to discrimination based on retaliation on his EEOC charge.

Even liberally construed, Baldridge's EEOC charge fails to "give the EEOC sufficient notice of his [retaliation] claim to investigate or facilitate conciliation with his employer" on those claims. *See Knight v. Engert Plumbing & Heating, Inc.*, No. 3:07-CV-415, 2011 WL 3328399, at *5 (E.D. Tenn. Aug. 2, 2011). The EEOC cannot have reasonably been expected, upon consideration of Baldridge's charge, to investigate whether Memphis City Schools retaliated against him. *Cf. Nelson v. Gen. Elec. Co.*, 2 F. App'x 425, 428-29 (6th Cir. 2001)(affirming dismissal of failure-to-promote claims because the plaintiff failed to administratively exhaust them by not alleging them in her discrimination charge). Accordingly, it is recommended that the plaintiffs' claims against Memphis City Schools based on retaliation be dismissed for failure to exhaust administrative remedies.

III. RECOMMENDATION

For the foregoing reasons, this court recommends that P.I.A.N.O. and Baldridge's claims for violation of Title VII of the Civil Rights Act of 1964, their claims for retaliation, and P.I.A.N.O.'s claim for violation of the ADA be dismissed for failure to state a claim upon which relief can be granted. It is further recommended that the Clerk be directed to issue process for Memphis City Schools on Baldridge's claim under Title II of the ADA and to deliver that process to the marshal for service; that service be made on Memphis City Schools pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.

It is further recommended that Baldridge be ordered to serve a copy of every document filed in this cause on the attorney for Memphis City Schools, make a certificate of service on every document filed, familiarize himself with the Federal Rules of Civil Procedure and this court's local rules,[2] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or

---

[2] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

any other order of the court, may result in the dismissal of his case without further notice.

Respectfully submitted this 30th day of September, 2013.

                                                 s/ Diane K. Vescovo
                                                 Diane K. Vescovo
                                                 United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.