```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | | |
|---|---|---|
| **Partners in Alliance Needing** | ) | |
| **Others, Inc. a/k/a P.I.A.N.O.,** | ) | |
| **Inc., and Ronald Baldridge,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 13-2376 |
| | ) | |
| **Memphis City Schools** | ) | |
| **G.R.A.S.S.Y. Program,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**Order Adopting the Magistrate Judge's Report and Recommendation**

Before the Court is the Magistrate Judge's September 30, 2013 Report & Recommendation (the "Report") recommending sua sponte dismissal of certain claims by plaintiffs Ronald Baldridge ("Baldridge") and Partners in Alliance Needing Others, Inc. a/k/a P.I.A.N.O., Inc. ("P.I.A.N.O.") (collectively, the "Plaintiffs") against Memphis City Schools G.R.A.S.S.Y. Program ("Memphis"). (Rep, ECF No. 7.) The Magistrate Judge recommends dismissal of Plaintiffs' claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and for retaliation, and P.I.A.N.O.'s claim for violation of the Americans with Disabilities Act, 42 U.S.C §§ 12131, et seq. ("ADA"). (Id. at 2.) The Report also recommends that Baldridge

be issued a summons for Memphis on his ADA claim. (Id.) On October 7, 2013, Baldridge filed a timely objection to the Report's recommended dismissal of his retaliation claim. (Obj., ECF No 8.) For the following reasons, the Report is ADOPTED.

I. **Background**

To initiate this action, Baldrige completed and filed a court-supplied form entitled "Complaint under Title VII of the Civil Rights Act of 1964." (Id. at 2.) Baldridge alleges that Memphis discriminated against him and P.I.A.N.O. by refusing to employ him as a "gang consultant" because he is in a wheelchair. (Rep., ECF No. 3.) Baldridge attached an email to his complaint from someone with the G.R.A.S.S.Y. program that informed Baldridge he was not hired because he was in a wheelchair. (Id. at 4.) Baldridge also alleges that Memphis retaliated against him for testifying as a gang expert in a prior suit against Memphis, but does not state whether the claim for retaliation is under the ADA or Title VII. (Id. at 4, 12.)

Attached to the complaint is an EEOC Charge of Discrimination dated March 29, 2013. (Id. at 4.) The form provides a list of possible bases for alleged discrimination and includes instructions to "select appropriate box[es]." (Id. at 4-5.) Baldridge checked the box corresponding to disability, but left the other boxes blank, including the box corresponding

2

to retaliation.  (Id. at 5.)  The form did not state facts supporting a charge of retaliation.

## II. Jurisdiction and Standard of Review

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs raise federal questions under Title VII and the ADA.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).  "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.  28 U.S.C. § 636(b)(1)(C).  The district court is not required to

3

review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

In assessing whether a complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555).

4

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)(internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. See Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *613 (6th Cir. Jan. 31, 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they

5

should pursue." Young Bok Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *510 (6th Cir. May 12, 2011).

### III. Analysis

The Magistrate Judge recommends dismissal of the Plaintiffs' claims under Title VII and for retaliation and P.I.A.N.O.'s claim for violation of the ADA because the claims were not adequately pled under Rule 8(a) of the Federal Rules of Civil Procedure. (Rep., ECF No. 7 at 2.) The Magistrate Judge also recommends dismissal of Baldridge's retaliation claim for failure to exhaust administrative remedies. (Rep., ECF No. 7 at 12.) Baldridge objects to the dismissal of his retaliation claim, stating that he did not check the retaliation box because he "did not want to tamper with a legal document." (Obj, ECF No. 1, 2.)

Before a plaintiff can bring a discrimination suit in federal court, he must first exhaust his administrative remedies. Randolph v. Ohio Dep't of Youth Servs., 453 724, 731 (6th Cir. 2006). Administrative exhaustion requires (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. Granderson v. Univ. of Mich., 211 F.App'x 398, 400 (6th Cir. 2006). "If a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under

6

Title VII." Powers v. Sonoco Prods, Co., No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011).

Baldridge failed to exhaust his administrative remedies on his retaliation claim because he failed to put Memphis on notice that he was pursuing a claim of retaliation in his EEOC filing. He did not check the box for retaliation or state facts supporting a claim of retaliation. Baldridge's statement that he failed to check the box for retaliation to avoid defacing a legal document does not remedy his failure to provide sufficient notice to Memphis. It is also not credible given that he checked the box for disability.

Because neither Baldridge nor P.I.A.N.O. objects to the rest of the Report, Arn counsels that the Court adopt the remaining portions of the Report. See Arn, 474 U.S. at 50.

## IV. Conclusion

For the foregoing reasons, the Court ADOPTS the Report and DISMISSES the Plaintiffs' claims under Title VII and for retaliation, and P.I.A.N.O.'s claim for violation of the ADA. Baldridge shall be issued a summons for Memphis on his ADA claim.

So ordered this 29th day of January, 2014.

                                              s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE